Hon. Robert Snashall Formal Opinion Chairperson No. 95-F5 Workers' Compensation Board 180 Livingston Street Brooklyn, N Y 11248
Dear Mr. Snashall:
You have asked whether Workers' Compensation Law § 125 applies to State agencies and municipal law enforcement entities.[1] You note that these bodies fall within the statute's definition of "employer" and state that they frequently request the Board to supply claim histories of applicants under consideration for employment.
Workers' Compensation Law § 125 provides:
 1. It shall be unlawful for any employer to inquire into, or to consider for the purpose of assessing fitness or capability for employment, whether a job applicant has filed for or received benefits under this chapter, or to discriminate against a job applicant with regard to employment on the basis of that claimant having filed for or received benefits under this chapter. An individual aggrieved under this subdivision may initiate proceedings in a court of competent jurisdiction seeking damages, including reasonable attorney fees, for violation of this subdivision.
 2. An employer who violates the provisions of subdivision one of this section shall be guilty of a misdemeanor, and upon conviction shall be punished, except as in this chapter or in the penal law otherwise provided, by a fine of not more than one thousand dollars.
 3. In addition to the criminal penalty set forth herein, where the chair has determined that an employer has violated the provisions of subdivision one of this section, the chair may, after a hearing, impose a penalty against such employer in an amount not exceeding twenty-five hundred dollars.
This provision was proposed by the Workers' Compensation Board because it continually was being asked to supply information to prospective employers about the claim history of job applicants. The Board's memorandum in support of the legislation states:
 We believe that no employee should be subject to discrimination in employment related decisions based on that employees filing for or receipt of workers' compensation benefits. No reasonable inference as to a prospective employee's character or suitability for employment can reasonably be drawn from the fact that the prospective employee filed for or received benefits.
The Board also noted that the provision would simplify its administrative work. Bill Jacket, L 1991, ch 308.
The Workers' Compensation Law defines employer to include among other entities, a person, partnership, association or corporation and "the state, a municipal corporation, fire district or other political subdivision of the state". Workers' Compensation Law § 2(3). Section 125 expressly makes it unlawful for "any employer" to inquire whether a job applicant has applied for or received benefits. Neither the language of the statute nor its legislative history evidences an intent to exempt the State or its political subdivisions from the prohibition.
We therefore conclude that Workers' Compensation Law § 125 applies to State agencies and municipal law enforcement entities. The statute makes it unlawful for employers to inquire into or consider, for the purposes of assessing fitness for employment, whether a job applicant has filed for or received workers' compensation benefits. It also prohibits discrimination against job applicants based on their claim history.
Very truly yours,
DENNIS C. VACCO
Attorney General
[1] You have recently renewed this request, submitted by former counsel.